UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES BRENNAN, | ) | Case No. 5:06 CV 2890 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | (Resolving ECF #4, 21) |
| A-A AUTO TRANSPORT, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | Magistrate Judge James S. Gallas |
| | ) | |

Plaintiff Charles Brennan filed suit in the Common Pleas Court of Summit County which was removed by defendant DD&S Express, Inc. of Baltimore, Maryland on the basis of federal question jurisdiction based on the Carmack Amendment (49 U.S.C. §14706)  Mr. Brennan alleged in his complaint that on May 27, 2005 he contracted with defendant A-A Auto Transport, Inc. to transport two 24-foot long straight trucks and one Oldsmobile Bravada from San Diego, California to Cuyahoga Falls, Ohio.  Mr. Brennan advised A-A Auto Transport's agent that costly professional tools and supplies were in one of the straight trucks.  The straight truck that did not contain tools and supplies was delivered to defendant Sam Winer Motors, Inc. without incident, and the Oldsmobile was delivered to an unspecified address without incident.. However, on June 10, 2005 the second straight truck was delivered to Sam Winer Motors, but without a lock.  Mr. Brennan states that he was contacted by an agent of Sam Winer Motors and informed that this truck was delivered without a lock.  Mr. Brennan went to Sam Winer Motors and discovered that  the second truck was missing approximately $80,000.00 of professional tools and supplies, which he reported to the local police department. Mr. Brennan claims that he lost wages due to the loss of professional equipment and

5:06 CV 2890                                     2

supplies in addition and demands $150,000.00 plus costs and attorney fees. Presumably the basis

of this claim is breach of contract and perhaps negligence.

Defendants Sam Winer Motors, Inc. and DD&S Express, Inc. move for dismissal.

Technically DD&S Express' motion is brought under Rule 12(b)(6) for failure to state a claim upon

which relief can be granted,  and the motion by Sam Winer Motors, Inc. is brought under Rule 12(c),

since Sam Winer Motors had answered the complaint.  Rule 12(b)(6)'s defense of failure to state a

claim also exists under Rule 12(c), and the same standard applies. See  *Amersbach v. City of

Cleveland*, 598 F.2d 1033, 1038 (6th Cir. 1979);  *Paskvan v. City of Cleveland Civil Service Comm.*,

946 F.2d 1233, 1235 (6th Cir. 1991).

DD&S Express relies on the decision in *Automated Window Machinery, Inc. v. McKay Ins.

Agency, Inc.*, 320 F.Supp.2d 619 (N.D. Ohio 2004). In *Automated Window Machinery, Inc.* this

court held that state law causes of action against an interstate motor carrier for fraud, tort, intentional

and negligent infliction of emotional distress, breach of contract, breach of implied warranty, breach

of expressed warranty and state deceptive trade practices are pre-empted.  *Id.* at 621; and see *Smith

v.. United Parcel Service, Inc.*, 296 F.3d 1244, 194 A.L.R. Fed. 745 (11th Cir. 2002), *cert. denied*.

537 U.S. 1172 (2003).  The doctrine of complete pre-emption eliminates the state law claims against

the carrier and accordingly DD&S Express, Inc.'s motion to dismiss is granted pursuant to Rule

12(b)(6).

5:06 CV 2890                                        3

With respect to Sam Winer Motors, Inc.'s motion to dismiss, the corporation argues that at no time was it a party to the contract and at no time was it responsible for the loading, transporting and unloading of the two straight trucks.  In its answer the corporation denies the allegations that the trucks were delivered to Sam Winer Motors but admits that the second truck arrived at their dock without a lock and that it agreed to allow DD&S Express to use its docks to unload trucks.  The corporation further admits that Mr. Brennan went to its place of business but it is without sufficient knowledge to form opinion as to truth of veracity of the allegations concerning the missing professional tools and supplies.

Upon review of the complaint and the answer, the court agrees that there are insufficient facts alleged in the complaint to establish a basis of liability between Mr. Brennan and Sam Winer Motors, Inc.  The allegations only show that the second straight truck was delivered to the loading dock of Sam Winer Motors, Inc. without a lock and that an employee of Sam Winer Motors notified Mr. Brennan of the delivery of the truck and that it was without a lock.  The allegations are insufficient to establish any contractual or bailment relationship between Mr. Brennan and Sam Winer Motors, Inc.

If a bailee of goods fails to return the bailed property undamaged, the bailee is liable both contractually and for negligence. *Collins v. Click Camera & Video, Inc.*, 86 Ohio App.3d 826, 831, 621 N.E. 2d 1294 (1993). In order to establish a cause of action in contract under a bailment theory, the bailor must prove: (1) a contract of bailment, (2) delivery of the bailed property to the bailee, and (3) failure of the bailee to deliver the bailed property undamaged at the termination of the bailment.

5:06 CV 2890                                4

*Id.* ; *Vandeventer v. Vandeventer*, 132 Ohio App.3d 762, 768, 726 N.E.2d 534 (1999).  A contract of bailment is formed like any other contract, and its essential elements include delivery of the personal property to the bailee and acceptance by the bailee, with the intended return to the bailor. *George v. Whitmer*,  2006 WL 242563, *2 , 2006-Ohio-436 (Ohio App. 5 Dist.,2006), citing *Bess v. Trader's World, Inc.* (December 24, 2001), Warren App. No .2001-06-063. "Customarily, reference to something "in the care of" another describes a legal relationship akin to that of ownership, tenancy or bailment. *Innis v. McDonald* (C.P.1956), 77 Ohio Law Abs. 417, 150 N.E.2d 441, *affirmed* (App.1956), 77 Ohio Law Abs. 424, 150 N.E.2d 447; cf. *River Services Co. v. Hartford Acc. & Indemn. Co.* (N.D.Ohio 1977), 449 F.Supp. 622. Thus, delivery to B at the proper place discharges the deliverer's liability, when a package is addressed to "A, in care of B." Cf. *Ela v. American Merchants' Union Express Co.* (1872), 29 Wis. 611, 9 Am.Rep. 619." *Paramount Supply Co. v. Sherlin Corp.,* 16 Ohio App.3d 176, 184, 475 N.E.2d 197, 206 (1984).


Mr. Brennan's  allegations are insufficient to show that he directed the trucks to be delivered to Sam Winer Motors, or that there was any  intent, actual or implied, for Sam Winer Motors to take possession of the trucks to create a bailment.  Absent an express agreement between the parties, the alleged bailor must take some action that is consistent with an intent to possess custody of property. *Ringler v. Sias*, 68 Ohio App.2d 230, 428 N.E.2d 869  (1980). Consequently the motion for judgment on the pleadings is granted.

5:06 CV 2890                                    5

### *CONCLUSION*

The motion to dismiss and motion for the judgment on the pleadings are granted for failure

to state a claim on which relief can be granted with respect to DD&S Express, Inc. and Sam Winer

Motors, Inc. and  judgment is entered in favor of these defendants.

s/James S. Gallas
United States Magistrate Judge

Dated: September 26, 2007